*E-Filed 9/9/11*

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY WAYNE MYERS, SR., | No. C 11-1435 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **ORDER REOPENING ACTION;** |
| PEOPLE OF THE STATE OF CALIFORNIA, | **ORDER VACATING PRIOR ORDERS** |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition was dismissed because petitioner failed to pay the filing fee, or to file a complete *in forma pauperis* application, by the deadline. Petitioner has now paid the filing fee. Accordingly, the action is hereby REOPENED. The order of dismissal (Docket No. 6), and the judgment (Docket No. 7), are hereby VACATED. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

In 2008, petitioner was convicted of rape and other crimes in a Del Norte County Superior Court, and was sentenced to 46 years-to-life in state prison. It appears that petitioner filed the instant federal habeas action after being denied relief on direct state review.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated his right to due process by allowing the presentation of character evidence; (2) the trial court failed to instruct the jury that it must be unanimous as to which act constituted which offense; (3) there was insufficient evidence as to various convictions;[1] and (4) he was improperly sentenced under Cal. Pen. Code § 654.[2] Liberally construed, Claims 1–3 are cognizable on federal habeas review. Claim 4, however, is purely a state law claim, and therefore is not cognizable here. State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). Accordingly, Claim 4 is DISMISSED without leave to

---

[1] This encompasses Claims 3–5 listed in the petition.

[2] This encompasses Claims 6 & 7 listed in the petition.

amend.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to reopen the action (Docket No. 11) is DENIED as moot. The Clerk is directed to reopen this action, and to terminate Docket No. 11.

**IT IS SO ORDERED**.

DATED: September 9, 2011

_____
RICHARD SEEBORG
United States District Judge