*E-Filed 2/10/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ANTHONY WAYNE MYERS, SR.,

    Petitioner,

    v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. C 11-1435 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2005, a Del Norte County Superior Court jury found petitioner guilty on multiple counts of sexual offenses involving lewd acts with a child, rape, oral copulation, and penetration with a foreign object, consequent to which petitioner was sentenced to 46 years and 4 months to life. Evidence presented at trial shows that petitioner committed numerous sexual offenses against Christina, his girlfriend's 15-year-old daughter, and B.H., Christina's

16-year-old friend. As grounds for federal habeas relief, petitioner alleges: (1) the trial court violated his rights to due process by allowing the presentation of character evidence; (2) the trial court failed to instruct the jury that it must be unanimous as to which acts constituted which offense; and (3) there was insufficient evidence as to various convictions.[1]

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask

---

[1] Petitioner's third claim encompasses Claims 3-5 listed in the petition.

whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I. Character Evidence

Petitioner claims the admission of bad character evidence violated his right to due process. More specifically, petitioner objects on hearsay and prejudice grounds to the testimony of his parole agent, Ronald Hibler, whose opinion of petitioner's bad character was based on documentary evidence in his parole, state, and federal records, which detailed prior instances of sexual misconduct and his criminal convictions.

### A. Hearsay

The state appellate court rejected petitioner's hearsay claim:

> The only objection [petitioner] made at trial arguably related to the character evidence issue he raises on appeal was a hearsay objection. However, as the People point out in their appellate brief, "[t]he defense deliberately opened the door to the subject of [petitioner's] sex-offense history and the trial court correctly allowed these specific instances of sexual misconduct to rebut defense good character evidence.". . . The defense first asked about hearsay matters contained in these same records on direct examination, those matters being . . . the lack of past convictions for sexual assaults or molestations. "It is axiomatic that a party who himself offers inadmissible evidence is estopped to assert error in regard thereto." [Citation omitted.] Thus, [petitioner's] use of these same records to probe his own criminal history for his own advantage prevents him from maintaining an argument about the limits of character evidence based on the hearsay objection he made before the trial court. [Footnote omitted.]
>
> . . . .
>
> [Petitioner also] argues we must reverse because the trial court should not have allowed Hibler to testify about his criminal history . . . to "bolster" his opinion of defendant's character. [Petitioner] contends he did not do so "until after the court had erroneously ruled that [Hibler] would be allowed to recite these [priors] . . . as bases for his opinion." However, the record indicates that [petitioner's] counsel agreed to the prosecution's proposal to introduce evidence of the priors through Hibler in the midst of the sidebar with the court, and before the court had finally ruled on the parameters of Hibler's testimony. By doing so, he forfeited any further objection to the introduction of this evidence.

(Ans., Ex. B at 12–13, 15.)

Petitioner's claim lacks merit because he invited the introduction of such evidence. Defense counsel sought to elicit testimony from Hibler that petitioner did not have any prior sexual assault or molestation convictions, (Ans., Ex. F at 416), thereby deliberately opening the door to the subject of petitioner's sex-offense history, (*id.* at 371), which allowed the prosecutor to rebut with evidence from petitioner's parole records of his indecent exposure and public masturbation. That Hibler's testimony was based on documentary evidence was inconsequential given the trial court's admonitions to the jury. Here, the trial court limited any prejudice by twice instructing the jury not to consider the evidence for its truth, but whether it justified Hibler's opinion of petitioner's character. (Ans., Ex. F at 423–24, 433–34.) Because jurors are presumed to follow a court's instructions, *see Richardson v. Marsh*, 481 U.S. 200, 206 (1987), this Court presumes the trial court's instruction eliminated the risk of any impermissible uses of the character evidence. Petitioner's hearsay claim, then, is hereby DENIED.

### B. Prejudice

Petitioner's claim that he suffered prejudice is without merit. It is an "open question" whether the admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991). Because it is an "open question," the due process right is not "clearly established" as required by AEDPA. *See Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006). Petitioner's further claim that the state court misapplied a state rule of evidence, (Pet. at 7; Ans., Ex. B at 12), is unavailing because habeas relief is unavailable for violations of state law, even if such law was erroneously applied or interpreted. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). Accordingly, petitioner's prejudice claim is DENIED.

**II.    Unanimity Instruction**

Petitioner claims the trial court denied him due process when it failed to instruct the jury that it had to be unanimous on which acts constituted each of the twenty-one offenses involving Christina. These offenses include the counts of lewd and lascivious acts between April 2003 and July 2004 and the anal and genital penetration by a foreign object in July 2004. The state appellate court rejected petitioner's claim:

> [T]he jury was presented with an "all-or-nothing" situation where they were required to determine whether Christina or [petitioner] was lying. The jurors were obviously unanimous in their belief that [petitioner] was lying, as they found [petitioner] guilty on all charges that were tried.

(Ans., Ex. B at 22.)

Petitioner's claim is without merit. First, criminal defendants in state court have no federal constitutional right to a unanimous jury verdict. *Apodaca v. Oregon*, 406 U.S. 404, 410–12 (1972) (rejecting 6th Amendment right to jury trial challenge to 10–2 state jury verdict); *Johnson v. Louisiana*, 406 U.S. 356, 359–63 (1972) (rejecting due process challenge to 9–3 state jury verdict). Second, there is "no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring); *see also Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (rule that jurors not required to agree upon single means of commission of crime, citing *McKoy*, applies equally to contention that they must agree as to the means of satisfying the mental state element of crime). "[D]ifferent jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." *McKoy*, 494 U.S. at 449.

There is case law that says a state trial court's failure to give a unanimity instruction when appropriate may raise a ground cognizable in federal habeas corpus if it so infected the trial that a petitioner was thereby deprived of a fair trial guaranteed by the Fourteenth Amendment. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). No such cognizable claims exists here. First, the state appellate court found reversible instructional

error under state law as to 9 of the 21 challenged convictions involving the touchings of Christina's vagina:

> In child molestation cases, "generic testimony" is sometimes presented, in which a victim describes multiple incidents that are not differentiated by dates, times, or places. . . This can create certain issues of proof in molestation cases. [The California] Supreme Court . . .[has] held that if certain minimum requirements are met, generic testimony can support a conviction:
>
> "The victim, of course, must describe the *kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct . . . . Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable period." [Citation omitted.]
>
> . . . .
>
> Christina's testimony also was very clear that [petitioner], when he was living in her home, frequently touched her vagina, and that his fingers repeatedly went into her vagina. Her testimony . . . made clear that [petitioner] touched her "private areas" and her vagina in the month of July 2004.
>
> . . . .
>
> However, Christina did not indicate when [the] vaginal touchings began, although her testimony suggested that they began at a later date than [petitioner]'s touching of her breasts. In the face of this ambiguity, jurors could have had some questions about the general time period involved for these particular vaginal touchings. Therefore, we cannot conclude beyond a reasonable doubt that the trial court's error did not contribute to [petitioner's] convictions for counts 12, 13 and 15 through 21, involving vaginal touchings in the months of April, May, and October through December of 2003, and March through June of 2004. Accordingly, we reverse these convictions.

(Ans., Ex. B at 19, 22–23.)

Second, with respect to the remaining counts, the trial court's failure to provide a unanimity instruction cannot be said to have deprived petitioner of a fair trial such that it was a constitutional violation of due process. Here, the prosecutor explained to the jury that petitioner was charged with two counts per month in spite of overwhelming evidence that petitioner committed more than two acts per month. (Ans., Ex. F at 682, 696, 734.) This was the time period in which petitioner was out of custody and residing in the same household as Christian's mother, Ann. W., and Christina. (*Id.* at 734–35.) Rather than

challenging specific details of Christina's allegations, defense counsel argued the victims lied about, and petitioner denied, all alleged acts of sexual misconduct. (*Id.* at 705, 707, 716, 722–27.) Thus, as the state appellate court noted, the jury was presented with an all-or-nothing situation in which they were required to determine whether the victims or petitioner was lying. (Ans., Ex. B at 22.) Both Christina and B.H. testified about petitioner's sexual misconduct and specific events in very consistent ways and corroborated sufficient portions of each other's testimony. Petitioner did not present any evidence beyond his own testimony to suggest why the victims would lie in such consistent ways. In contrast, the jury was presented with strong evidence indicating petitioner lied about his conduct. Sheriff's Department Ed Fleshman, the investigating detective, testified Ann W. told him twice during the course of his investigation that petitioner admitted to Ann W. that he had sex with Christina. (Ans., Ex. F at 263.) Additionally, Ann W.'s testimony indicated petitioner wrote to her asking her to persuade Christina to drop her allegations because he feared going to prison. (*Id.* at 151, 154–55, 158–59.) In light of petitioner's outright denial of all the allegations of sexual misconduct, coupled with the evidence presented at trial and the fact that the jury convicted petitioner of all the counts charged, this Court cannot say that the failure to instruct the jury on unanimity as to the counts involving Christina had a substantial and injurious effect or influence on the jury's verdict. Accordingly, petitioner's claim that the trial court violated his rights to due process in this respect is DENIED.

## III.  Insufficient Evidence

Petitioner claims there was insufficient evidence to support his convictions for: (A) forcible rape of Christina and B.H. in counts 28 and 31, respectively; (B) lewd acts toward Christina in April 2003 in counts 1 and 12; and (C) lewd acts and digital penetration against Christina in counts 11, 22, and 23. "The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A petitioner who alleges the evidence in support of his state conviction cannot be fairly

characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt states a constitutional claim, which, if proven, entitles him to federal habeas relief. *Jackson v. Virginia*, 443 U.S. 307, 321, 324 (1979). However, a federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). Rather, a federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt has there been a due process violation. *See Jackson*, 443 U.S. at 324. The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

### A. Forcible Rape of Christina in Count 28 and B.H. in Count 31

Petitioner claims there is insufficient evidence to support convictions for the forcible rape of Christina and B.H. "because of the lack of evidence of force, violence, duress, menace or fear of immediate and unlawful bodily injury." (Pet. at 7.) Rape is sexual intercourse "against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." Cal. Penal Code § 261(a)(2). The state appellate court rejected petitioner's interpretation of "force" as incorrect:

> [Petitioner] argues that [Christina's testimony] is not evidence of forcible rape . . . because Christina did not describe "having her hands or arms pinned or restrained," testify that "she was unable to move any portion of her body," express "fear of immediate and unlawful bodily injury," nor testify "to anything remotely qualifying as duress, menace or violence. In fact, Christina testified that she struck [petitioner] with her elbow and knocked him to the ground, after which he left."
>
> [Petitioner]'s arguments ignore that "'the prosecution need only show the defendant used physical force of a degree sufficient to support a finding that the act of sexual intercourse was against the will of the [victim].'" [Citation omitted.] They suggest a requirement to show something more, which is incorrect. Furthermore, that [petitioner] discontinued the rape after he was

> elbowed and fell off the bed is of no relevance to his prior actions. "The circumstance that [petitioner] did not apply additional force to continue the intercourse after [the victim] objected does not eliminate his culpability for his initial penetration of [the victim] against her will by use of force."

(Ans., Ex. B at 25.)

Petitioner's claim is without merit. Under the state court's interpretation of the forcible rape statute, the focus is not on how strongly a victim must resist her perpetrator, but on the degree of force imposed by the latter. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Furthermore, the record clearly supports the conclusion that a rational trier of fact could have found proof of forcible rape beyond a reasonable doubt. The record reflects, and petitioner does not deny, that he had sexual intercourse with both Christina and B.H., as in all three charged instances, the victims testified to petitioner's penis being inside their vaginas. (Ans., Ex. F at 114, 118, 228, 242.) Applying the correct standard for "force" under state law, a rational trier of fact could have found petitioner raped the victims by means of force of a degree sufficient to overcome their will. Christina testified petitioner had forcible intercourse with her twice. (*Id.* at 123.) As to the first incident, Christina testified, "I woke up to a pain in my private area and I budged my arm a little bit and I hit him with my elbow." (*Id.* at 114.) Christina later agreed the pain was a "sharp pain" (*Id.* at 124) and it did not go away until a "few days after." (*Id.* at 116.) As to the second incident, Christina testified, "he forced himself inside of me" and "grabbed my arms so that I wouldn't hit him," although she wanted to hit him if she could. (*Id.* at 118.) Finally, B.H. testified the night she stayed over at Christina's house and was given a margarita by petitioner, she fell asleep and woke up to petitioner on top of her. (*Id.* at 227–28.) Although the degree of force that petitioner used against Christina appears greater than that used against B.H., the jury could have inferred petitioner's sheer body mass, lying on top of a 16-year old girl, constituted enough force to

restrict B.H.'s movement.  For the foregoing reasons, this Court cannot conclude that no rational trier of fact could have found proof of forcible rape beyond a reasonable doubt.  Accordingly, petitioner's claim that the trial court violated his rights to due process in this respect is DENIED.

### B.     Lewd Acts Toward Christina in April 2003 in Counts 1 and 12

Petitioner claims there is insufficient evidence to support convictions for the lewd acts toward Christina in counts 1 and 12, which were alleged to have occurred during the month of April 2003.  Petitioner's claim is DENIED as moot, the state appellate court having reversed petitioner's convictions under counts 1 and 12 for insufficient evidence.  (Ans., Ex. B at 26–27.)

### C.     Lewd Acts and Digital Penetration Against Christina

Petitioner claims there is insufficient evidence to support convictions for the lewd acts and digital penetration against Christina (Counts 11, 22 & 23) as she had not reached 16, an element of the offense, when the acts occurred in July 2004.  Petitioner's claim is DENIED because there is ample evidence from the state record that Christina was under 16 years old in July 2004.  Christina's mother testified that Christina was born on February 13, 1989.  (Ans., Ex. F at 150.)  Christina would then have turned 15 on February 13, 2004; thus, a rational trier of fact could conclude Christina was under 16 in July 2004.  Because this satisfies the age element for counts 11, 22, and 23, petitioner's claim that the trial court violated his rights to due process in this respect is DENIED.

### CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: February 10, 2012

RICHARD SEEBORG
United States District Judge